TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00580-CV






In re Jude L. Vernor






ORIGINAL PROCEEDING FROM WILLIAMSON COUNTY






O R D E R




PER CURIAM


 On September 23, 2002, Relator Jude L. Vernor filed a petition for writ of mandamus
and a motion to stay execution of the trial court's orders pending ruling in the mandamus proceeding. 
The Court is of the opinion that the motion for stay is well-taken and should be granted. The Court
hereby orders the following:


1. The orders of the County Court at Law No. Two of Williamson County, Texas,
in Cause No. 01-1194-FC2, styled: In the Interest of Casey Ray Leitch, a Child,
rendered in open court on September 16, 2002, are stayed pending resolution of
this mandamus proceeding in this Court.


2. The real-party-in-interest shall file with this Court a response to the petition for
writ of mandamus on or before Friday, October 4, 2002.


3. The County Clerk of Williamson County shall file with this Court a complete
Clerk's Record from the aforementioned cause on or before Friday, October 4,
2002.


4. Any court reporter who reported any of the proceedings in the county court at
law in the aforementioned cause shall file a certified transcription of such
proceedings, except for the previously transcribed portions entitled "Testimony
of Jude Vernor," attached as Exhibit B to the petition for writ of mandamus, and
"Judge's Ruling," attached as Exhibit A to the petition for writ of mandamus,
on or before Friday, October 4, 2002.


5. Relator shall file with this Court on or before Friday, October 4, 2002, copies of
all orders, decrees, notices, or writs pertaining to this child issued by the
Commonwealth of Australia, or any province, region, authority or agency
thereof, and authenticated copies of the documents on or before the scheduled
oral argument in this case.


6. Oral argument on the petition for writ of mandamus is set in this Court for
Wednesday, October 23, 2002, at 1:30 o'clock p.m..


7. Both relator and real-party-in-interest are ordered to file written briefing and
responses on or before Friday, October 4, 2002, on the following matters:


 a. Under the Hague Convention, Article 3, was the removal of Casey Leitch
from Texas to Australia "wrongful," that is, in breach of any rights of
custody attributed to real-party-in-interest, Larry Carden? If so, append the
judicial decision or agreement having legal effect under the laws of Texas
that afforded him those rights. If not, under what authority was the Hague
Convention order entered in Australia, and does that order continue to have
any effect?


 b. Is there currently any legal order recognizing Larry Carden as the biological
father of Casey Leitch?


 c. Are there any current orders, temporary or otherwise, governing Casey
Leitch from any court or governmental authority, other than that issued by
the County Court at Law No. Two of Williamson County on September 16,
2002?


 d. Are there any current temporary or permanent orders regarding the
conservatorship or custody of Casey Leitch in Williamson County? After
the granting of the motion for new trial in Cause No. 01-1194-FC2, are there
any orders, temporary or otherwise, granting any rights of conservatorship
to real-party-in-interest Larry Carden?


 e. Is Casey Leitch currently enrolled in and attending school in Australia? If
so, identify the school, the level of classes the child attends, including proof
of enrollment, and attach the school's complete calendar year, including any
upcoming end-of-year or "summer" or holiday vacation periods or term
breaks.


 f. What authority allows the trial court to order a seven-year-old child to travel
from his home in Australia to live in Williamson County? What authority
allows the trial court to order relator to travel from her home in Australia to
Williamson County if she wishes to maintain her parental relationship with
her child?


 g. What psychological tests and evaluations are contemplated from each of the
parties and the child? Which of those could be conducted where each party
resides? List any reason why this arrangement for local testing, pending
final hearing in the Williamson County case, would be unsatisfactory?


 h. Are there any emergency issues that support the trial court's decision to
order immediate resolution of this issue without the usual time and
procedures for discovery and without regard for the child's present living
arrangements and school schedule? 



 It is further ordered that any other proceedings relating to these parties in the trial
court are stayed pending resolution of this mandamus proceeding.

 It is ORDERED this 24th day of September, 2002.


Before Justices Kidd, B. A. Smith and Yeakel 

Do Not Publish